

FILED & JUDGMENT ENTERED
Steven T. Salata

Jan  15  2014

Clerk, U.S. Bankruptcy Court
Western District of North Carolina

J. Craig Whitley
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## SHELBY DIVISION

| | |
|---|---|
| In re: ) | |
| ) | |
| **LUCAS CRAYTON OWENS** ) | Case No. 12-40716 |
| **LORIE ANN OWENS** ) | Chapter 13 |
| ) | |
| **Debtors.** ) | |

## ORDER GRANTING IN PART AND DENYING IN PART DEBTORS' MOTION FOR DETERMINATION OF FEES REQUIRED TO CURE DEFAULT

**THIS MATTER** came before the Court on the Debtors' Motion for a Determination of Fees Required to Cure Default or Maintain Payments under 11 U.S.C. §1322(b)(5) and Award Attorneys Fees and Expenses under Rule 3002.1 for Failure to Notify, and PHH Mortgage Corporation's ("PHH") objection thereto. A hearing was held on October 25, 2013. Wayne Sigmon appeared on behalf of the Debtors and Kimberly Sheek appeared on behalf of PHH Mortgage Corporation ("PHH"). At hearing, the Court invited the parties to submit briefs on the legal issues.

Based on the foregoing, the Court **GRANTS** the Debtor's Motion for Determination of Fees but **DENIES** the request for an award of attorney's fees and expenses.

1

# FACTS

The Debtors filed their Chapter 13 petition and plan on November 21, 2012, and their plan was subsequently confirmed. On February 13, 2013, PHH filed Proof of Claim number nine ("Claim #9") in the Claims Register of this Court. PHH alleged that Claim #9 was secured by a first lien deed of trust on the Debtors' residence.

PHH attached Bankruptcy Form B10A to Claim #9 wherein it disclosed a post-petition attorney fee of $250.00 for reviewing the Debtors' schedules, plan, and other documents as well as advising PHH and preparing its proof of claim. The Form B10A also disclosed $0.00 for property preservation expenses, $0.00 for property inspection fees, $0.00 for title charges, and $0.00 for recording fees. The post-petition attorney fee of $250.00 was included in the allowed secured claim of PHH. The Debtors' plan as confirmed treats Claim #9 under 11 U.S.C. § 1322(b)(5) by providing for the curing of the pre-petition arrears on the long-term debt. The confirmed plan also treats Claim #9 by maintaining the post-petition, monthly mortgage payments as a conduit.

On January 2, 2013, and again on February 1, 2013, PHH mailed to the Debtors' address notices that fees for "Auto Ppty Inspection" in the amounts of $11.25 each had been assessed to their loan on December 31, 2012 and January 29, 2013. Further, on March 1, 2013, PHH mailed to the Debtors' address a notice that the following fees had been assessed to their loan during the period of February 18, 2013, to February 26, 2013:

| Date | Description | Amount |
|---|---|---|
| 02/18/2013 | Title Charges BK | $85.00 |
| 02/18/2013 | BK ATTY Fee | $100.00 |
| 02/18/2013 | BK ATTY Fee | $50.00 |
| 02/18/2013 | Proof of Claim BK | $150.00 |
| 02/18/2013 | Recording Fee | $26.00 |
| 02/18/2013 | BK ATTY Fee | $50.00 |
| 02/26/2013 | Auto Ppty Inspection | $11.25 |
| | Total: | $472.25 |

PHH has continued to assess fees against the Debtors' account on a monthly basis.

Over 180 days have passed since the post-petition fees assessed against the Debtors were allegedly incurred, and PHH has not filed and served on the Debtors, the Debtors' counsel, or the Standing Trustee a notice itemizing all fees, expenses, or charges as contemplated by Rule 3002.1(c) of the Federal Rules of Bankruptcy Procedure.

Rule 3002.1(c) provides:

> (c) NOTICE OF FEES, EXPENSES, AND CHARGES. The holder of the claim shall file and serve on the debtor, debtor's counsel, and the trustee a notice itemizing all fees, expenses, or charges (1) that were incurred in connection with the claim after the bankruptcy case was filed, and (2) that the holder asserts are recoverable against the debtor or against the debtor's principal residence. The notice shall be served within 180 days after the date on which the fees, expenses, or charges are incurred.

On September 30, 2013, the Debtors filed this present Motion, seeking that the Court enforce Rule 3002.1(c) by disallowing the post-petition fees assessed by PHH that were not already part of Claim #9, precluding PHH from presenting any information as evidence regarding the disputed post-petition fees, and awarding Debtors' counsel $650.00 in attorneys' fees and expenses.

A hearing was held on October 25, 2013 and the Court directed counsel to submit briefs in support of their positions.  This is a matter of first impression for the Court. There is no dispute that PHH is subject to Rule 3002.1(c) as the holder of a residential mortgage claim being cured in a confirmed plan and to which fees have incurred post-petition.  There is also no dispute that PHH assessed the fees against the Debtors but failed to file and serve a Rule 3002.1(c) notice within 180 days from when the fees were incurred.  What is disputed is whether PHH was required to comply with Rule 3002.1(c)

3

when it claims that it does not assert the fees are recoverable against the Debtors or their residence at this time.

## STATEMENT OF POSITIONS

PHH argues that it is not required to send notice under Rule 3002.1(c) because it does not intend to recover the fees from the Debtors at this present time. PHH reads the rule to require that a fee notice be filed *only if* the creditor determines that the fees are recoverable. It states that creditors may track fees on a loan that they have no intention of collecting from the Debtor if a discharge is entered.

PHH states that it sent fee notices to the Debtors to comply with North Carolina General Statute 45-91, which requires servicers to send a statement to a borrower within thirty (30) days after a fee is assessed to the account, "regardless of whether the loan is considered in default or the borrower is in bankruptcy." N.C. Gen. Stat. 45-91(1). If a creditor fails to provide the requisite notice, then it waives its right to collect the fee or cost. N.C. Gen. Stat. 45-91(3). In this case, PHH asserts that it will not seek to recover the fees if the Debtors complete their plan payments. However, if the case is dismissed or converted, PHH would be entitled to collect the fees as long as it complied with N.C. Gen. Stat. 45-91.

PHH also states that the present Motion is unnecessary because Rule 3002.1(f) provides a mechanism to ensure that a loan is paid in full prior to entry of the discharge order. Rule 3002.1(f) requires the Trustee to file a Notice of Final Cure after all plan payments are paid stating that the debtor has paid "in full the amount required to cure any default on the claim." If the Debtors complete their plan payments, the Trustee will then

4

file a Motion to Deem Current. If this occurs, then PHH would not be entitled to recover the fees.

The Debtors disagree with PHH's interpretation of the Rule. They state that PHH did assert that the fees were recoverable when it mailed the fee assessment notices to the Debtors. Why would a creditor send a fee assessment notice if it did not believe that the fees were recoverable? Additionally, by its own terms, North Carolina General Statute 45-91 requires that any action taken to comply with its provisions must not violate the provisions of federal bankruptcy laws, such as Rule 3002.1(c). Finally, the Debtors argue that relieving PHH of the duty to comply with Rule 3002.1(c) simply because it "may" collect the fees at a later date and not immediately would undercut the purpose of the rule. The rule should not turn on the creditor's intent.

The Court agrees with the Debtors' position.

## DISCUSSION

**I.    PHH was required to comply with Rule 3002.1 because it asserted that the fees were recoverable when it mailed the assessment notices to the Debtors.**

First, PHH asserted that the post-petition fees were recoverable by mailing fee assessment notices to the Debtors. PHH suggests that when it charged the post-petition fees against the Debtors it did not really deem the fees as recoverable. Then, PHH claims that the only way it could avoid waiving its right to collect the fees was to notify the Debtors in compliance with state law that fees were being charged to their account. PHH would only seek to preserve the right to collect a fee if it did in fact deem the fee to be recoverable. By sending statements to the Debtors stating, "fees have been assessed to your loan," PHH has asserted that the fees "are recoverable against the debtor or the

5

debtor's principal residence." Fed. R. Bankr. P. 3002.1(c)(2). PHH admits that it would only consider waiving the fees if the Debtors' bankruptcy case is ultimately successful. Asserting a fee has been charged and then making a conditional promise to waive the fee if certain conditions are met is still an assertion of a fee as recoverable. Rule 3002.1 does not turn on the subjective intent of the creditor.

**II.    PHH was required to comply with Rule 3002.1 because of the Supremacy Clause and because North Carolina General Statute Section 45-91 requires that any action taken to comply with its provisions must not violate the provisions of federal bankruptcy laws.**

Under the Supremacy Clause of the U.S. Constitution, to the extent that a federal rule or statute dictates an action, a state provision to the contrary would be unenforceable. However, North Carolina recognizes this because under North Carolina General Statute Section 45-91, a servicer must mail a debtor notice of any fees assessed to the debtor's home loan account within thirty (30) days of the assessment "provided the servicer shall not be required to take any action in violation of the provisions of the federal bankruptcy code." N.C. Gen. Stat. § 45-91(1)b. If PHH was really concerned that it must comply with Section 45-91 even though it allegedly did not intend to collect the post-petition fees, then it could have either (A) stated in the assessment notices that the fees will not be required to cure default upon the completion of the confirmed plan and that the fees will be waived upon entry of discharge, or (B) complied with the form and manner of notice required by Rule 3002.1(c) and then allowed Debtors' counsel to seek disallowance of the fees unopposed.

> **III.  PHH was required to comply with Rule 3002.1 because the purpose of the rule would be undercut if its requirements were waived merely because a creditor expresses intent to collect the fee at a later date rather than immediately.**

Third, relieving PHH of the duty to comply with Rule 3002.1(c) simply because it states that may collect the fees at a later date and not immediately would undercut the purpose of the rule. PHH seems to rest its argument on a "just trust us / wait and see" theory. Rule 3002.1(c) makes no mention of the timing of collections, only that a particular form of notice is required to be filed and served in a particular way when a creditor wants to assert a recoverable fee. It does not turn on creditor intent.

> **IV.  The Court will not assess fines or sanctions or award attorney's fees.**

The Debtors rely upon Rule 3002.1(i) for the proposition that they should be entitled to recoup their costs and fees for filing the motion. Rule 3002.1(i) provides in relevant part, "If the holder of a claim fails to provide any information as required by subdivision (b), (c), or (g) of this rule, the court may, after notice and hearing… (2) award other appropriate relief, including reasonable expenses and attorney's fees caused by the failure."

Since this is a matter of first impression, the Court will not assess costs or fines pursuant to Rule 3002.1(i)(2). Each party will bear its own costs. However, the court may consider awarding relief as against PHH under Rule 3002.1(i) should it come up in the future.

**CONCLUSION**

**ACCORDINGLY**, the Court **GRANTS** the Debtor's Motion for Determination of Fees but **DENIES** the request for an award of attorney's fees and expenses. The fees, expenses, and charges assessed by PHH for the periods of December 16, 2012, to December 31, 2012; January 16, 2013, to January 31, 2013; and February 18, 2013, to February 26, 2013, are not required in order to cure default or maintain payments in accordance with 11 U.S.C. § 1322(b)(5), and said fees, expenses and charges be shall be deemed unauthorized and disallowed as a claim in this case.

**SO ORDERED.**

This Order has been signed electronically.  United States Bankruptcy Court
The judge's signature and the court's seal
appear at the top of the Order.

8